[No. 29034. Department Two. April 3, 1944.]

G. L. Standring *et al.*, *Respondents*, v. R. M. Mooney *et al.*,
*Defendants*, Shorewood, Inc., *Appellant.*[1]

*McMicken, Rupp & Schweppe* and *Bernard Reiter,* for
appellant.

*Simmons & McCann,* for respondents.

Robinson, J.—This case has been before us on a former
appeal, *Standring v. Mooney,* 14 Wn. (2d) 220, 127 P. (2d)
401, and we have but lately reviewed a second case which
grew out of the same subject matter, *Shorewood, Inc. v.
Standring,* 19 Wn. (2d) 627, 144 P. (2d) 243.

In the first of the cases, above cited, it appeared that the
Standrings, pursuant to a long and involved contract with
Mooney, conveyed twenty-nine acres of residential prop-
erty to Shorewood, Inc., a corporation organized by Mooney.
The whole purpose of the contract, the organization of the
corporation, and the deeding of the property to it, was to
create an agency to market the Standrings' lands. Before
the action was begun, some tracts had been sold by Shore-
wood, Inc., to various vendees. The action was an equitable
one, in the nature of a suit to quiet title, not to all of the
property conveyed pursuant to the contract, for the vendees

[1] Reported in 147 P. (2d) 521.

of Shorewood, Inc., were not made parties, but to that portion which had not been disposed of by Shorewood, Inc., by the date on which, it was asserted, Mooney had forfeited the contract. The lower court dismissed the action on the theory that the effect of the deed given to Shorewood, Inc., could not be questioned in an action of that character. This court, on appeal, held that it could, for reasons which may be found fully set out in the opinion. It was, however, unable to make a final disposition of the matter, because it had not been determined in the lower court, nor could it be determined from the record, whether the contract, of which the deed was an integral part, was, as the Standrings alleged, subject to forfeiture; hence, the opinion filed July 9, 1942, concluded with the following direction:

"The judgment is reversed, with direction to the trial court to determine the issues presented by appellants' complaint, in a manner consistent with the views herein expressed, and, unless the respondents refute the appellants' claim of right of forfeiture, enter a decree requiring the respondent corporation to reconvey to appellants all the lots to which it held legal title at the time of service upon respondents of the notice of forfeiture."

While that appeal was pending, Shorewood, Inc., was prosecuting an action against the Standrings on the contract. Judgment was entered in the contract action on October 13, 1942, awarding a recovery against the Standrings upon several of the six causes of action pleaded. Promptly, on October 14th, the Mooneys and Shorewood, Inc., filed a pleading in the first action denominated, "Answer upon Remittitur and Remand," setting up that the judgment entered in the contract action the previous day was an adjudication of the fact that the contract was not subject to forfeiture. The trial court, however, after examining the judgment roll in that case, held otherwise, and entered the following decree on November 24, 1942:

"It is hereby decreed that the defendant Shorewood, Inc., a corporation, is ordered and directed to re-convey to G. L. Standring and Edna Standring, his wife, all of the lots to which it held legal title on January 25, 1941, deed to be delivered within ten days."

From this decree, the Mooneys and Shorewood, Inc., appealed to this court, and this is the appeal now before us. However, after the appeal was perfected and before it came on to be heard, we handed down an opinion in the contract case, which had also been appealed. *Shorewood, Inc. v. Standring*, 19 Wn. (2d) 627, 144 P. (2d) 243. In this decision, we reversed the lower court and ordered the action dismissed, on the ground that Shorewood, Inc., never had a license as a real estate broker, and could not legally perform the contract or claim rights under it. For this reason and since neither party questions the date employed in the decree now appealed from, it must be upheld as properly carrying out the direction of the court made in our former opinion in *Standring v. Mooney*, 14 Wn. (2d) 220, 127 P. (2d) 401.

The decree appealed from is, therefore, affirmed.

SIMPSON, C. J., MILLARD, BLAKE, and MALLERY, JJ., concur.